# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Joseph Heffernan and May Baird, on behalf of their son, T.H., | C/A No.: 03:10-302-JFA |
| Plaintiffs, | |
| v. | **ORDER** |
| Sumter County School District 17, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant Sumter County School District 17 moves the court to enter final judgment with respect to its August 24, 2010 order, in which the court enjoined Defendant from altering the stay-put placement in this case. Plaintiffs elected not to respond to Defendant's motion.

**I.  Analysis**

Rule 54(b) provides, in part, that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In determining whether to certify a judgment pursuant to this rule, the court must, first, find that the "judgment is final" and, second, find that "there is no just reason for the delay in the entry of judgment." MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010). For a judgment to be final, it must be "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). Defendant contends, and the court agrees, that the August 24,

2010 order, through which the court enjoined Defendant from altering the home-based stay-put placement, is the ultimate disposition of that claim because it "conclusively rejected [Defendant's] contention that the school-based program had become the latest, agreed-upon current placement." (Def.'s Mem. in Supp. at 3.) Therefore, the first step in the Rule 54(b) analysis is satisfied.

Next, in determining whether there is no just reason for delay in the entry of judgment, the court must consider the following factors, if applicable:

> '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.'

MCI Constructors, LLC, 610 F.3d at 855 (quoting Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1336 (4th Cir. 1993). After considering these factors, the court finds that there is just reason for the delay in the entry of judgment as to this claim.

With respect to the first factor, Defendant argues that the stay-put claim for which it seeks a certification of judgment is "wholly separate" from the remaining reimbursement claim asserted by Plaintiffs. (Def.'s Mem. in Supp. at 4.) As such, it believes "there is little or no chance that the need for review of the stay-put ruling might be mooted by future proceedings" and that "there is little if any possibility that the Fourth Circuit might be obliged to consider the stay-put issue a second time." (Id.) While Defendant's assertion certainly is correct in relation to Plaintiffs' reimbursement claim, it excludes from its consideration the fact that Defendant currently contests this court's judgment that a home-based stay-put placement was appropriate in the first instance. Depending on how the Fourth Circuit resolves Defendant's appeal, the court

might be inclined to revise its decision in this matter, which it is entitled to do under Rule 54(b). Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities."). Of course, this concern also invokes the second and third factors listed above insomuch that a reversal of this court's prior judgment by the Fourth Circuit might moot this issue altogether or some other guidance by the Fourth Circuit in its opinion might cause this court or the Fourth Circuit to consider the issue a second time.

The court is mindful of the parties' interest to lay this matter to rest, but like the parties, the court wants to proceed in proper fashion. In the interest of judicial economy, as well as the factors stated above, the court believes that there is just reason to delay the rendering of a final judgment with respect to the stay-put issue and that it is best to stay this matter, in its entirety, until Defendant's resolve its appeal. Moreover, this court's August 24, 2010 order only enjoins Defendant from altering the stay-put placement insofar as it cannot prove that it has an appropriate ABA therapy program. Being the case, nothing precludes Defendant from initiating the appropriate proceedings to make such a showing and ending the home-based stay-put placement.

## II. Conclusion

Based on the foregoing, the court denies Defendant's motion for an entry of judgment pursuant to Rule 54(b). It is also ordered that this matter is stayed until the Fourth Circuit renders a decision with respect to Defendant's appeal. Nothwithstanding this stay, the parties are hereby required to file their reply briefs, if they so choose, by the required deadlines.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 28, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge